IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:16-CR- 313 |
| | ) | |
| JUSTIN GRAY LIVERMAN, | ) | |
| (a/k/a "D3F4ULT") | ) | |
| | ) | |
| Defendant. | ) | |

FILED
IN OPEN COURT

JAN – 6

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia; Maya D.

Song and Jay V. Prabhu, Assistant United States Attorneys; Joseph V. Longobardo, Special

Assistant United States Attorney; the defendant, JUSTIN GRAY LIVERMAN; and the

defendant's counsel, have entered into an agreement pursuant to Rule 11 of the Federal Rules of

Criminal Procedure. The terms of the agreement are as follows:

1.     **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a one-count criminal

information charging the defendant with conspiracy to commit (1) identity theft (a violation of

18 U.S.C. § 1028), (2) unauthorized access to a protected computer (a violation of 18 U.S.C.

§ 1030), and (3) anonymous and repeated telecommunications harassment (a violation of 47

U.S.C. §223(a)), all in violation of Title 18, United States Code, Section 371. The maximum

penalties for this offense are: a maximum term of 5 years of imprisonment, a fine of $250,000,

full restitution, forfeiture of assets as outlined below, a $100 special assessment, and 3 years of

supervised release. The defendant understands that this supervised release term is in addition to



any prison term the defendant may receive, and that a violation of a term of supervised release

could result in the defendant being returned to prison for the full term of supervised release.

2.   **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged

offense. The defendant admits the facts set forth in the statement of facts filed with this plea

agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable

doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes

a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

3.   **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance.

The defendant understands that by entering into this agreement, defendant surrenders certain

rights as provided in this agreement. The defendant understands that the rights of criminal

defendants include the following:

     a.    the right to plead not guilty and to persist in that plea;

     b.    the right to a jury trial;

     c.    the right to be represented by counsel – and if necessary have the court

         appoint counsel – at trial and at every other stage of the proceedings; and

     d.    the right at trial to confront and cross-examine adverse witnesses, to be

         protected from compelled self-incrimination, to testify and present

         evidence, and to compel the attendance of witnesses.

4.   **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any

sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with 18 U.S.C. § 3553(a).  The defendant understands

that the Court has not yet determined a sentence and that any estimate of the advisory sentencing

range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant

may have received from the defendant's counsel, the United States, or the Probation Office, is a

prediction, not a promise, and is not binding on the United States, the Probation Office, or the

Court.  Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543

U.S. 220 (2005), the Court, after considering the factors set forth in 18 U.S.C. § 3553(a), may

impose a sentence above or below the advisory sentencing range, subject only to review by

higher courts for reasonableness.  The United States makes no promise or representation

concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty

plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure,

the United States and the defendant will recommend to the Court that the following provisions of

the Sentencing Guidelines ("U.S.S.G.") apply:

  a.  U.S.S.G. § 1B1.2(d) and 2X1.1 apply to defendant's conviction;

  b.  For the conspiracy object to violate 47 U.S.C. § 223, U.S.S.G. § 2A6.1 governs;

  c.  For the conspiracy objects to violate 18 U.S.C. §§ 1030 and 1028:

    i.  The base offense level, established in U.S.S.G.§ 2B1.1, is 6;

    ii.  The loss amount for the conspiracy is more than $1.5 million but

    not more than $3.5 million, and the loss amount attributable to defendant

    under 18 U.S.C. § 3664(h) is at least more than $95,000 for purposes of

    U.S.S.G. § 2B1.1(b)(1);

iii.      Because a substantial part of a fraudulent scheme was committed from outside the United States, and the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means, the offense level must be increased by an additional 2 levels under U.S.S.G. § 2B1.1(b)(10);

iv.      Because a victim was a government officer or employee, or a former government officer or employee, and the offense of conviction was motivated by such status, the offense level must be increased by an additional 3 levels under U.S.S.G. § 3A1.2(a).

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

5.     **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any

4

ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 6.     Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of $100 per count of conviction.

### 7.     Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial

Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 8. Restitution

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. §3663A. Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Pursuant to 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, statement of facts or any related or similar conduct shall be entitled to restitution. The parties acknowledge that determination of the identities, addresses and loss amounts for all victims in this matter is a complicated and time consuming process. To that end, defendant agrees, pursuant to 18 U.S.C. § 3664(d)(5), that the court may defer the imposition of restitution until after the sentencing; however, defendant specifically waives the 90-day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry of any orders pertaining to restitution after sentencing without limitation.

### 9. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the information as an offense. In such a prosecution the United States may allege and prove conduct described in the information or statement of facts. "Crime of violence" has the meaning set forth in 18 U.S.C. § 16.

10. **Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

a. The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

b. The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d. The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

e. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any

such violation in evaluating whether to file a motion for a downward

departure or reduction of sentence.

g.     Nothing in this agreement places any obligation on the government to seek

the defendant's cooperation or assistance.

11.     **Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this

agreement in any criminal prosecution against the defendant in the Eastern District of Virginia,

except in any prosecution for a crime of violence or conspiracy to commit, or aiding and

abetting, a crime of violence (as defined in 18 U.S.C. § 16).  Pursuant to U.S.S.G. § 1B1.8, no

truthful information that the defendant provides under this agreement will be used in determining

the applicable guideline range, except as provided in Section 1B1.8(b).  Nothing in this plea

agreement, however, restricts the Court's or Probation Officer's access to information and

records in the possession of the United States.  Furthermore, nothing in this agreement prevents

the government in any way from prosecuting the defendant should the defendant knowingly

provide false, untruthful, or perjurious information or testimony, or from using information

provided by the defendant in furtherance of any forfeiture action, whether criminal or civil,

administrative or judicial.  The United States will bring this plea agreement and the full extent of

the defendant's cooperation to the attention of other prosecuting offices if requested.

12.     **Defendant Must Provide Full, Complete and Truthful Cooperation**

This plea agreement is not conditioned upon charges being brought against any other

individual.  This plea agreement is not conditioned upon any outcome in any pending

investigation.  This plea agreement is not conditioned upon any result in any future prosecution

which may occur because of the defendant's cooperation.  This plea agreement is not

conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 13. Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 14. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any fraud-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense. The defendant understands that if proceeds of the offense are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the proceeds. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the

charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 15. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as property facilitating illegal conduct or substitute assets for property otherwise subject to forfeiture.

### 16. The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past four years. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the

United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

**17.     Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.     The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.     The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c.     Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The

defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

18.    **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to

plead guilty.  Any modification of this plea agreement shall be valid only as set forth in writing

in a supplemental or revised plea agreement signed by all parties.


                                        Dana J. Boente
                                        United States Attorney

                        By: _____
                                        Maya D. Song
                                        Jay V. Prabhu
                                        Assistant United States Attorneys

                                        Joseph V. Longobardo
                                        Special Assistant United States Attorney (LT)


                                        13

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 12/27/16

JUSTIN GRAY LIVERMAN
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 1/6/17

Marina Medvin, Esq.
Tor Ekeland, Esq.
Jay Leiderman, Esq.
Counsel for the Defendant